NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1803
_____

LINDA S. BOKOR, Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cv-05880)
District Judge:  The Honorable Joel A. Pisano

Submitted Under Third Circuit L.A.R. 34.1(a)
December 10, 2012

BEFORE:  GREENAWAY, Jr., NYGAARD, and VAN ANTWERPEN, *Circuit Judges*

(Filed: December 28, 2012)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Linda Bokor appeals the District Court's order affirming a determination by the Commissioner of Social Security that she was not entitled to disability insurance benefits under the Social Security Act. We will affirm.

Bokor applied for Social Security benefits in 2007, claiming disability starting in 2003 due to disc herniations, fibromyalgia, depression, and a left shoulder injury. The ALJ acknowledged that Bokor had impairments, but determined that they did not meet or medically equal any of those contained in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also decided that Bokor's complaints were not entirely credible, and that she had a capacity to do both sedentary work and past relevant work. For these reasons, the ALJ ruled that Bokor was not eligible for disability benefits under the Act. The Commissioner agreed with the ALJ, and the District Court affirmed this decision. Bokor argues on appeal that the District Court wrongly assessed evidence on whether her claimed disabilities meet a listed impairment, and that the District Court erred as a matter of law by concluding that Bokor can perform sedentary work. We are not persuaded.

Bokor first asserts that the District Court did not give proper consideration to the evidence she presented, specifically evidence of mental impairments. The District Court, however, determined that Bokor failed to provide adequate clinical evidence, lacking any record of a mental illness diagnosis or formal mental health treatment. Moreover, Bokor testified that she had no treatment for depression in the relevant period. Bokor points to some symptoms, some prescriptions and some sessions with a behavior therapist to support her argument that the District Court ignored vital parts of the record. Yet, we

2

conclude that, given the lack of appropriate clinical evidence, the District Court did not err by ruling, in agreement with the ALJ, that the record does not support Bokor's alleged severe mental impairment.

Next, Bokor complains the District Court overlooked several flaws in the ALJ's determination that her reports of pain were not credible. Yet, the District Court cited the ALJ's observation that the clinical findings for the relevant period were mostly stable, without any evidence of significant neurological defects or muscle atrophy. This did not align with Bokor's subjective complaints of increasing pain and decreased mobility during the relevant period. As the District Court noted, the ALJ's conclusion accounted for any possible side effects that could be caused by medication. Finally, Bokor's subjective complaints alone were insufficient to ground a ruling that she is disabled under the Act. The District Court did not err by deciding that substantial evidence supported the ALJ's credibility determination.

Bokor also asserts that the District Court overlooked shortcomings in the ALJ's analysis on the Listing of Impairments. Yet, as the District Court noted, the ALJ ruled that Bokor's back condition did not meet or equal the Listing of Impairments because the medical records did not include required clinical findings related to listings 1.04, 1.02, and 9.02. Bokor had the burden of demonstrating that all of the conditions in a listing were met, and we conclude that there is substantial evidence that she failed to do so.[1] The District Court did not err.

---

[1] Bokor states that the ALJ listed fibromyalgia as a severe impediment, and that the ALJ's failure to analyze her disability was reversible error, but having already

3

Finally, Bokor insists that the District Court incorrectly approved the ALJ's ruling that Bokor could perform sedentary work. Bokor relies upon the assertion that she was terminated from her prior employment for her medical condition, and upon her subjective complaints of pain and depression to assert that the record did not support the ALJ's decision. Yet, again, Bokor failed to provide any clinical evidence that her subjective complaints aligned with findings by physicians. The ALJ concluded that Bokor had the residual functional capacity to perform at least sedentary work, relying upon Bokor's attending medical specialist, along with the rest of the record. Substantial evidence supported this conclusion. The District Court did not err.

For all of these reasons, we will affirm the District Court's order affirming the ALJ's decision.

---

determined that Bokor failed to clinically substantiate claims of her deteriorating condition that, she alleged, prevented her from substantial gainful activity during the relevant time period, Bokor's assertion is meritless.